# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES B. JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>OLIVEIRA, et. al.,<br><br>    Defendants. | Case No. 1:17-cv-01311-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**<br><br>**(Doc. 3)**<br><br>**TWENTY-ONE DAY DEADLINE**<br><br>**CLERK TO ASSIGN A DISTRICT JUDGE** |

Plaintiff, Charles B. Jones, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. When he initiated this action, Plaintiff filed a motion seeking injunctive relief to prohibit retaliatory acts against him for filing this action. (Doc. 3.)

Requests for prospective relief are limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court ensure the relief "is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right." Similarly, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969. The Court cannot order prison personnel in general to engage in, or

1

refrain from specific acts.

Further, the claims which Plaintiff asserts in this action arise from events that allegedly occurred at the California State Prison in Corcoran, California ("CSP-Cor"). Following the filing of this action, however, Plaintiff was transferred and is currently housed at Salinas Valley State Prison ("SVSP") in Soledad, California. Plaintiff thus lacks standing in this action to seek relief directed at remedying his current conditions of confinement at SVSP. To the extent his motion seeks relief to remedy past conditions of confinement for the time he was at CSP-Cor, it was also rendered moot on his transfer to SVSP. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). Thus, Plaintiff's motion for a preliminary injunction must be denied.

Accordingly, it is **HEREBY RECOMMENDED** that Plaintiff's motion for injunctive relief, filed on October 2, 2017, (Doc. 16), be **DENIED** for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 30, 2018**    /s/ *Sheila K. Oberto*
   UNITED STATES MAGISTRATE JUDGE