# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES B. JONES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. OLIVEIRA, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01311-LJO-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>**(Docs. 13, 15)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

　　　　Plaintiff, Charles B. Jones, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On May 15, 2018, the Court issued an order finding that Plaintiff stated a cognizable retaliation claim against Defendants J. Garcia, Ortega, John Doe #1, and John Doe #3, but granted Plaintiff leave to file a first amended complaint curing the identified deficiencies. (Doc. 13.) Plaintiff was directed to either file a first amended complaint, or a statement setting forth his desire to proceed solely on the cognizable retaliation claim against Defendants J. Garcia, Ortega, John Doe #1, and John Doe #3, dismissing all other claims and defendants. (*Id.*) Plaintiff requested and received an extension of time to file a first amended complaint. (Docs. 14, 15.) More than the allowed time has passed and Plaintiff has failed to file a first amended complaint or otherwise respond to the Court's screening order.

　　　　The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110.

1

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause **within twenty-one (21) days** of the date of service of this order why the action should not be dismissed for his failure to comply with the Court's order. Alternatively, within that same time, Plaintiff may file a first amended complaint, a statement indicating that he desires to only proceed on the retaliation claim against Defendants J. Garcia, Ortega, John Doe #1, and John Doe #3 dismissing all other claims and defendants, or a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated: __**July 25, 2018**__            /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE