UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES B. JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>J. GARCIA, et al.,<br><br>    Defendants. | 1:17-cv-01311-LJO-SKO (PC)<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br><br>(Doc. 40) |

On October 16, 2019, Defendants filed a motion to modify the Court's discovery and scheduling order, (Doc. 33), pursuant to Federal Rule of Civil Procedure 16. (Doc. 40.) Defendants request that the discovery cutoff date and dispositive motion deadline be stayed until 60 days after the Court rules on Defendants' pending motion for summary judgment (MSJ) based on failure to exhaust administrative remedies. (Doc. 40 at 1.) Currently, the discovery cutoff date is October 30, 2019, and the dispositive motion deadline is December 30, 2019. (Doc. 33 at 3.) The deadline for Plaintiff to file an opposition or statement of non-opposition to Defendants' motion to modify the scheduling order has not yet passed; however, the Court finds that neither is necessary here and deems the motion submitted.

The defendants filed their exhaustion-based MSJ on August 28, 2019. (Doc. 34.) On August 30, 2019, the Court granted Plaintiff an extension of time to file an opposition to the

defendants' motion. (Doc. 36 at 2). Plaintiff's opposition is not due until after the current close of discovery on October 30, 2019. (*See id.*) Defendants contend that adjudication of their MSJ may dispose of this entire action. (Doc. 40-1 at 1). Thus, they argue that the Court should stay all merits-based discovery and the dispositive motion deadline to conserve resources. (*Id.* at 1-2.)

The Court finds good cause to grant Defendants' request. Given that discovery is set to end on October 30, 2019, the Court does not find that Plaintiff will be prejudiced by a stay of discovery, since it will effectively provide both parties with additional time to conduct merits-based discovery. However, the Court does not believe that a stay of discovery until 60-days-post-ruling is warranted, given that Defendants filed their motion seeking a stay only two weeks before the discovery cutoff date. Plus, if discovery is "stayed" the entire 60 days, then technically discovery cannot proceed until the stay is lifted, which would leave the parties without additional time to conduct merits-based discovery prior to the dispositive motion deadline. Thus, the Court will *stay* discovery until the Court issues its ruling on Defendants' pending motion for summary judgment, (Doc. 34), and *extend* the discovery cutoff date to 30 days after the Court issues its ruling on the motion for summary judgment. The Court will extend the dispositive motion deadline to 60 days after the Court issues its ruling on Defendants' motion for summary judgment.

Accordingly, the Court HEREBY ORDERS that:

1. Defendants' motion to amend the discovery and scheduling order, (Doc. 40), is GRANTED in part. Discovery is STAYED until the Court issues its ruling on Defendants' motion for summary judgment, (Doc. 34). The discovery cutoff date is extended to **30 days** after the Court issues its ruling on the motion for summary judgment, and the dispositive motion deadline is extended to **60 days** after the Court issues its ruling on the motion for summary judgment, (Doc. 34).

//
//
//
//

2. The current discovery cutoff date and dispositive motion deadline are VACATED.

IT IS SO ORDERED.

Dated: **October 31, 2019** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE