UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES B. JONES,<br><br>    Plaintiff,<br><br>v.<br><br>J. GARCIA, et al.,<br><br>    Defendants. | 1:17-cv-01311-LJO-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>(Doc. 34)<br><br>21-DAY DEADLINE |

Defendants Garcia, Ortega, and Sauceda move for summary judgment on the grounds that Plaintiff failed to exhaust administrative remedies prior to filing suit. (Doc. 34.) Plaintiff filed an opposition to Defendants' motion on December 2, 2019, and Defendants filed a reply. (Docs. 44, 45.) For the reasons set forth below, the Court recommends that Defendants' motion be **GRANTED** and that this action be **DISMISSED** without prejudice.

## LEGAL STANDARDS

**A. Summary Judgment**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment … is satisfied." *Id.* at 323.

**B. Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211. Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is an affirmative defense, which the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. The defendant bears the burden of producing evidence that proves a failure to exhaust; and, summary judgment is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary judgment, the defendant must prove (1) the existence of an available administrative remedy and (2) that Plaintiff failed to exhaust that remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citations omitted). If the defendant meets this burden, "the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him…." *Id.* If the plaintiff fails to meet this burden, the court should dismiss the unexhausted claims or action without prejudice. *See Lira v. Herrera*, 427 F.3d 1164, 1175 (9th Cir. 2005).

**DISCUSSION**

A. **Plaintiff's Allegations**

Plaintiff Garcia was housed at California State Prison, Corcoran, during all times relevant to this case. (Doc. 34-5, Defendants' Statement of Undisputed Facts, at 2.) Plaintiff alleges that Defendant-Correctional Officers Garcia, Ortega, and Sauceda retaliated against him for filing administrative grievances and court actions. (Doc. 21 at 4-6; *see also* Doc. 22 at 2.) Specifically, Plaintiff alleges that Defendants destroyed his property and placed him in administrative segregation based on a false claim that he would stab a correctional officer. (Doc. 21 at 5-6, 20-21.) Plaintiff learned of Defendants' actions on August 21, 2017. (*Id.* at 21.) On that date, when Plaintiff indicated that he was going to file a grievance for Defendants' conduct, Garcia threatened to circulate a false claim that Plaintiff is "a convicted child molester, and serial rapist, and have [him] kicked back to this yard to see how long [he] last[s] until these guys kill [him]." (*Id.* at 22.) Plaintiff was so scared by the threat that he went on a hunger strike to be placed on suicide watch at "Wasco Mental Health." (*Id.* at 22.)

B. **CDCR Grievance Process**

The CDCR has an administrative grievance system for prisoners to appeal a policy,

decision, action, condition, or omission by the department or staff if it has an adverse effect on prisoner health, safety, or welfare. Cal. Code Regs., tit. 15, § 3084.1(a). Compliance with 42 U.S.C. section 1997e(a) requires California state prisoners to use CDCR's grievance process to exhaust their claims before filing suit in court. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010); *see also Woodford*, 548 U.S. at 85-86. All administrative appeals are subject to three levels of review before the remedy is deemed exhausted. Cal. Code Regs., tit. 15, § 3084.1(b); s*ee also Sapp*, 623 F.3d at 818.

**C. Defendants' Motion**

1. Plaintiff failed to exhaust administrative remedies

Defendants contend that Plaintiff failed to exhaust CDCR administrative remedies before initiating this lawsuit on October 2, 2017. (Doc. 34-2 at 9.) According to the uncontested facts, Plaintiff exhausted one administrative appeal between August 21, 2017, the date Plaintiff learned of Defendants' alleged misconduct, and October 2, 2017, the date Plaintiff filed his original complaint. (Doc. 34-5 at 2-3; Doc. 21 at 20.) However, the exhausted appeal (log no. OOA-17-01794) is not related to the claims in this case. (*See* Doc. 34-5 at 3). Rather, the appeal concerns a rules violation report issued against Plaintiff in 2016. (*See* Doc. 34-3, Ex. B.) Thus, with respect to the claims raised in this action, Plaintiff did not exhaust administrative remedies before filing his original complaint.

Plaintiff filed a first amended complaint (FAC), the operative complaint, on October 22, 2018. (Doc. 21.) Plaintiff's FAC is identical to his original complaint, except for a date change and the dismissals of certain defendants. (*Compare* Doc. 1 *with* Doc. 21; *see also* Doc. 22.) Therefore, Plaintiff raises no new claims in his FAC, and he must have exhausted all claims in his FAC before he filed his original complaint. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (holding that dismissal is required if prisoner does not exhaust prior to filing a complaint, even if he exhausts during the course of litigation); *cf. Rhodes v. Robinson*, 621 F.3d 1002, 1007 (9th Cir. 2010) (holding that, where plaintiff exhausts new claims raised in an amended complaint before filing the amended complaint, exhaustion requirement is satisfied with respect to the new claims). Because Plaintiff failed to exhaust administrative remedies related to

4

this case before filing his original complaint, the Court recommends dismissal of this action.

2. <u>Plaintiff is not excused from failing to exhaust</u>

In his opposition, Plaintiff contends that Defendants' motion should be denied because (1) CDCR's administrative grievance system does not provide adequate remedies, (Doc. 44 at 2, 14-18), and (2) Defendants threatened to harm him if he filed an administrative grievance, rendering the remedy effectively unavailable, (*id.* at 5-8, 18).

Plaintiff's arguments are unavailing. With respect to his first argument, Plaintiff states that CDCR does not award damages to inmates and will not award equitable relief "against one of their own." (*Id.* at 2, 3.) Plaintiff further states that no relief provided by CDCR can "turn[] back the hands of time," and thus any potential relief for his First Amendment retaliation claim would be inadequate. (*Id.* at 15.) However, the Supreme Court has made clear "that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). In other words, the *type* of remedy does not eliminate the exhaustion requirement; as long as *some* remedy is available, exhaustion is mandatory. *See id.* at 738-41. Plaintiff admits that *some* remedy is available, at least with respect to his loss of property claim.[1] (Doc. 44 at 15.) Even if CDCR's available remedies are adequate only with respect to his property claim, and inadequate with respect to his retaliation claim, Plaintiff's need to exhaust remains.

Regarding his second argument, Plaintiff states that Officer Garcia's threats discouraged him from pursuing an administrative appeal. (*Id.* at 8.) Plaintiff is correct that "the threat of retaliation for reporting an incident can render the prison grievance process effectively unavailable," *McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015); and, if true, Garcia's threats against Plaintiff are reprehensible. However, in order to excuse his failure to exhaust, the threats against Plaintiff must have actually deterred him from filing a grievance. *See id.* at 987-88. Here, they did not.

Plaintiff states that, once he felt safe enough, he filed two grievances for the incidents underlying this action: the first on September 7, 2017 (log no. CSPC-7-17-05076), 17 days after

---

[1] Plaintiff voluntarily dismissed his property claims in his first amended complaint. (*See* Doc. 44 at 14-15.)

5

the incidents in question, and the second on October 22, 2017 (log no. COR-17-05555). (*See* Doc. 44 at 8; *see also* Doc. 34-3 at 125 *and* Doc. 34-4 at 51.) CDCR processed the first appeal at the first and second levels of review, (*see* Doc. 34-4 at 50, 55-56); but, Plaintiff did not appeal the decision to the third level. (Doc. 34-5 at 4). Thus, he did not exhaust this claim. *See* Cal. Code Regs., tit. 15, § 3084.1(b); *see also Sapp*, 623 F.3d at 818. CDCR did process the second appeal at all three levels of review, (*see* Doc. 34-3, at 129-33); hence, Plaintiff exhausted this claim at the conclusion of the third level on August 13, 2018. (*See* Doc. 34-3 at 123.)

The foregoing demonstrates that Plaintiff was not deterred from filing grievances to the point where the grievance process was "effectively unavailable." *See McBride*, 807 F.3d at 987; *see also Gaines v. Beasley*, No. 1:15-cv-1533-LJO-JLT, 2018 WL 5270539, at *7 (E.D. Cal. 2018) ("fact that plaintiff filed several appeals during the relevant period alleging retaliation or staff misconduct despite threats" shows that the objective test of *McBride* has not been met). Plaintiff filed a grievance only two weeks after the incidents in question, as well as a second grievance two months after the incidents. Although Plaintiff exhausted the second grievance in August 2018, he provides no justification for why he filed suit in October 2017—nearly one year before he exhausted his administrative remedies in August 2018. Courts have made clear that exhaustion is mandatory prior to bringing suit, even if exhaustion occurs during the course of litigation, as it does here. *See McKinney*, 311 F.3d at 1199. Because Plaintiff did not exhaust prior to initiating this action, dismissal is required under 42 U.S.C. § 1997e(a). *See id.*

## CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court recommends that Defendants' motion for summary judgment, (Doc. 34), be **GRANTED** and that this action be **DISMISSED** without prejudice.

///
///
///
///
///
///

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**December 23, 2019**__     /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE